FILED
SUPERIOR COURT
OF GUAM

2024 MAR -8 PM 1:46

CLERK OF COURT

BY:＿＿＿＿＿



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>JUNIOR SALAS GAA<br>(*aka* JUNIOR SALAS JESUS),<br>DOB: 09/04/1975<br><br>Defendant. | **Criminal Case No. CF0246-22**<br>GPD Report Nos. 21-26030 / 22-10549<br><br>**DECISION AND ORDER GRANTING PEOPLE'S MOTION TO REVOKE PROBATION AND IMPOSE JAIL SENTENCE** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 29, 2024 for a Revocation Hearing in the above-captioned matter related to Junior Salas Gaa's (*aka* Junior Salas Jesus's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender William Jones. The People of Guam were represented by Assistant Attorney General Grant Olan. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On June 20, 2022, Defendant pled guilty to Strangulation (as a 3rd Degree Felony). See Judgment of Conviction (Jun. 27, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0246-22, *People of Guam v. Junior Salas Gaa*
Page 1 of 5

- **STAY AWAY FROM VICTIM:** Defendant shall stay away, directly, and indirectly from Julie Gaa and shall not contact the same by telephone, in writing, via email, via text message, through social media, via any electronic device, or through a third-party, including a family member or friend.

- **STAY AWAY FROM VICTIM:** Defendant shall not come within five hundred (500) feet of Julie Gaa.

- **HARRASSING OR HARMING VICTIM:** Defendant shall not harass, threaten, physically strike, or injure Julie Gaa.

- **HARRASSING OR HARMING VICTIM:** Defendant shall refrain from threatening to commit or committing acts of family violence against, or from harassing, annoying, or molesting Julie Gaa, a family or household member, or any person named in the court order, *including any and all witnesses.*

Id.

On April 18, 2023, a Violation Report was filed indicating that Defendant had been arrested and indicted in CF0257-23 on charges of Family Violence (as a 3rd Degree Felony), Aggravated Assault (as a 3rd Degree Felony), and Violation of a Court Order (as a Misdemeanor). See First Violation Report (Apr. 18, 2023). The victim in that case was Julie Gaa, the same victim whom Defendant strangled in this current matter. Id. Defendant would ultimately be convicted of Family Violence (as a 3rd Degree Felony) and Violation of a Court Order (as a Misdemeanor). See CF0257-23 Judgment of Conviction (Feb. 9, 2024).

On April 17, 2023, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's CF0257-23 arrest, which resulted from Defendant allegedly violating numerous conditions of his probation. See Motion (Apr. 17, 2023). Opposing the Motion, Defendant claims he has complied with several terms of his probation, and that revoking probation would be premature as the CF0257-23 case was then still in pre-trial status. See Defendant's Opposition to Motion (Jul. 31, 2023).

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0246-22, *People of Guam v. Junior Salas Gaa*
Page 2 of 5

On February 29, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Feb. 29, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0246-22, *People of Guam v. Junior Salas Gaa*
Page 3 of 5

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Defendant was convicted of Family Violence (as a 3rd Degree Felony) and Violation of a Court Order (as a Misdemeanor) in CF0257-23 for actions that occurred after Defendant entered probation. This directly conflicts with Defendant's probationary conditions that he obey all federal and local laws of Guam. Furthermore, the victim of Defendant's CF0257-23 actions is the same victim whom Defendant strangled in this case. This directly conflicts with Defendant's probation conditions that he stay away from the victim and not harm her.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating several probationary conditions. Defendant has shown a clear disregard towards following his probationary conditions, having been convicted of a violent felony for actions that arose after entering probation.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. This period of incarceration

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0246-22, *People of Guam v. Junior Salas Gaa*
Page 4 of 5

shall run concurrent to Defendant's incarceration in CF0257-23. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this   <u>March 8, 2024</u>

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0246-22, *People of Guam v. Junior Salas Gaa*
Page 5 of 5